Case 7:12-cv-00012-JLK -RSB   Document 16   Filed 04/10/12   Page 1 of 3

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 10 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT CESAR URIBE-GALINDO, ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER ZYCH, ) <br>     Respondent. ) | Civil Action No. 7:12-cv-00012 <br><br> **MEMORANDUM OPINION** <br><br> By:   Hon. Jackson L. Kiser <br>        Senior United States District Judge |

Robert Cesar Uribe-Galindo, a former federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss, and mail forwarded to petitioner at his last known address at a federal correctional facility have been returned to the court as undeliverable.[1] After reviewing the record, I dismiss the petition without prejudice as moot.

I.

Petitioner had been incarcerated in federal custody for the attempted re-entry into the United States as a deported alien, in violation of 8 U.S.C. § 1326(a). Petitioner expected to be deported to his native country after serving his federal sentence, but a police department in California lodged a detainer against petitioner to prosecute petitioner's alleged involvement with carjacking, robbery, and vehicle theft in 1999. The detainer prevents the BOP from transferring petitioner to immigration officials for deportation and requires the BOP to transfer petitioner into the custody of California officials. Petitioner filed the petition to compel respondent to disregard

---

[1] The court received the petition on January 12, 2012, and received the $5.00 filing fee the next day. The Clerk mailed a filing fee receipt to petitioner and served the petition on respondent, who was petitioner's custodian at the time of filing, several days later. The filing fee receipt and a copy of the service order sent to petitioner were returned to the court as undeliverable because petitioner was "in transit." On March 14, 2012, respondent filed a motion to dismiss the petition, and the Clerk sent a Roseboro notice to petitioner the next day. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). On April 3, 2012, the court received the Roseboro notice back as undeliverable.

the detainer and transfer petitioner to immigration officials for deportation, instead of California officials, at the end of petitioner's term of incarceration.

In support of the motion to dismiss, respondent attaches the affidavit of a BOP Legal Assistant, who has access to petitioner's BOP records. The Legal Assistant avers that petitioner was incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee"), between February 2, 2010, and January 11, 2012. Petitioner left USP Lee on January 11, 2012, to be transferred to California authorities pursuant to the detainer. Petitioner completed his federal sentence on February 10, 2012, and California officials are now responsible for petitioner's custody.

II.

A petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" to be entitled to relief under § 2241. 28 U.S.C. § 2241(c)(3). Petitioner fails to establish any entitlement to relief because petitioner's transfer to California officials moots the action.

Respondent released petitioner from BOP custody in February 2012. A writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). Respondent can no longer relieve petitioner from the effect of the detainer. The detainer has been executed, and petitioner is already in the physical and legal custody of California officials. See, e.g., Kearns v. Turner, 837 F.2d 336, 338 (8th Cir. 1988) (holding that habeas challenge to detainer was moot following transfer to state custody).

Federal courts may adjudicate only live cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. It is not possible for the court to order respondent to relieve petitioner from the burdens of the already-executed detainer. Accordingly, petitioner's § 2241 petition to challenge respondent's execution of the California detainer is moot.

III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to counsel of record for respondent.

**ENTER**: This 10th day of April, 2012.

Senior United States District Judge